**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WILLIAMSON PELL DONALD** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | **No. 26-750** |
| | : | |
| **BANK OF AMERICA, N.A.** | : | |

**McHUGH, J.**                                                                                   **JUNE 9, 2026**

**MEMORANDUM**

This civil action concerns Defendant Bank of America's management of two New York trusts, brought pro se by one of the beneficiaries, Plaintiff Williamson Pell Donald, who alleges the Bank breached its fiduciary duty based on its investment decisions, legal and accounting fees, and purported failure to properly appoint and compensate trustees.

Less than a year ago, Mr. Donald brought a similar case involving the same trusts. Then, I granted the Bank's motion to dismiss because the probate exception to diversity jurisdiction barred this court from intruding on the New York probate court, which was actively supervising the trusts. As might be expected, Bank of America has again moved to dismiss. Because Mr. Donald has already litigated and lost on the issue of subject matter jurisdiction, he is precluded from relitigating it, and would in any case run afoul of the probate exception to diversity jurisdiction. I will therefore once again grant the Bank's motion to dismiss.

## I.      Relevant Background

This case centers on two New York trusts created by Donald's grandmother: a 1962 testamentary trust and a 1964 inter-vivos trust (together "the Trusts").  *See* Compl. at 1, ECF 1; *see generally* Trust Agreements, ECF 1-1.  Donald is a one-sixth discretionary income beneficiary of the Trusts.  *See* Compl. at 1.  For over 60 years, both Trusts have been supervised by New York's state probate court, the Surrogate's Court.  *See, e.g.*, Petition For Appointment of Successor Co-Trustee at 3, 30, ECF 15-9. And for decades, Bank of America served as both Trusts' corporate trustee.  *See id.* at 4.

In 2025, the Surrogate's Court approved Bank of America's resignation as corporate trustee, *see* Am. Pet. at 43-44, ECF 15-10, & Surrogate's Court Opinion, ECF 15-11.  Later in 2025, the Bank petitioned the Surrogate's Court for the judicial settlement of the Bank's intermediate accounts.  *See generally* Pet. to Settle Fourth Intermediate Account, ECF 15-14.  Donald and the Bank both acknowledge these accounting proceedings are ongoing.  *See, e.g.*, Compl. at 2-3; Def.'s Br. at 9-12, ECF 15-2.

Later in 2025, Donald brought a suit in this Court alleging that Bank of America breached its duty to timely secure his judicial appointment as successor trustee of the testamentary trust after his brother's death.  *See Donald v. Bank of Am., N.A.*, No. CV 25-1901, 2025 WL 2233664, at *2-3 (E.D. Pa. Aug. 5, 2025) (McHugh, J.).  Donald also claimed the Bank charged excessive legal fees, and he disputed the Bank's investment decisions.  *Id.*

In the prior action I granted Bank of America's motion to dismiss because this Court lacked subject matter jurisdiction.  The complaint presented no federal question, and although nominally there was diversity, the case fell squarely within the "probate exception." The exception prevents federal courts from asserting jurisdiction over "the probate or annulment of a will and the

administration of a decedent's estate" and "dispos[ing] of property that is in the custody of a state probate court." *Marshall v. Marshall*, 547 U.S. 293, 311-12 (2006). The Third Circuit has explained that the probate exception applies where the relief sought would require a court to "assume *in rem* jurisdiction over property that is in the custody of the probate court." *Three Keys Ltd. v. SR Util. Holding Co.*, 540 F.3d 220, 227 (3d Cir. 2008).

I concluded that Mr. Donald's case belonged in the New York Surrogate's Court. First, the Trusts were in the Surrogate's Court's custody based on that court's sixty-year, ongoing supervision of the Trusts. *See Donald*, 2025 WL 2233664, at *7-8. Given that fact, ruling on Donald's claims for funds from the Trust would intrude on the Surrogate's Court's supervision. *See id.* at 8. Even where Donald sought reimbursement from the Bank rather than directly from the Trust's funds, I concluded that ruling on those requests would "interfere with the Surrogate's Court's rulings," an interference that was unnecessary because the Surrogate's Court's proceeding was ongoing and Donald could participate in it as a beneficiary. *Id*. at *9-10. I therefore dismissed the case in August of 2025, and no appeal was taken.

Since then, the Trusts' proceedings have continued in Surrogate's Court.[1] *See* Compl. at 2-3; Mot. to Dismiss at 9-12, ECF 15-2. Yet in March of 2026, Donald filed this case, alleging similar breaches of fiduciary duty. Donald bases this case in part on his frustration with the pace of the Surrogate's Court proceedings, pleading that "no beneficiary of either trust has yet been given the opportunity to object to any of the Surrogate Court proceedings." Compl. at 2. Eight of the Trusts'

---

[1] Courts are "permitted to take judicial notice of docket entries filed in separate litigation proceedings." *FCS Capital LLC v. Thomas*, 579 F.Supp. 3d 635, 647 (E.D. Pa. 2022).

purported beneficiaries have moved *pro se* to join him as plaintiffs here.[2]  Notably, Donald and each of the would-be plaintiffs have since received official citations inviting them to file objections in the Surrogate's Court, a fact Bank of America points out as part of a factual attack on the Complaint.  *See* Affirmations of Service, ECF 15-17.

## II.    Standard of Review

Defendant moves for dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim.  As in the prior case, I construe the motion challenging subject matter jurisdiction under Rule 12(b)(1) in part as a facial attack, to the extent that Plaintiff's complaint pleads the history of the trusts and their supervision by the New York Surrogate's Court, and in part as a factual attack, considering Defendant's representation that there are ongoing proceedings there.  In a factual attack, materials outside the pleadings may be properly considered where relevant.  *See Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016).

## III.    Discussion

The Bank argues that my conclusion in the prior case—that this Court lacked jurisdiction— precludes asserting jurisdiction here.  *See* Def.'s Br. at 16-19.[3]  I agree.  Last year, I concluded that Mr. Donald's claims belonged in the Surrogate's Court based on the probate exception.  Because that court is still actively supervising the Trusts, and no relevant facts have changed, the doctrine of issue preclusion bars the Court from relitigating the question of jurisdiction.  That means Donald can show no basis for jurisdiction, and dismissal is proper under Rule 12(b)(1).

---

[2] *See generally*  ECF 8, 9, 10, 11, 12, 13, 14, 21, & 31.  These motions will all be denied as moot.

[3] Bank of America also repeats several arguments from the prior case: that the Court should abstain under *Colorado River Conservation Dist. v. United States*, 424 U.S. 800 (1976), based on the Surrogate's Court's ongoing proceedings; and that dismissal is warranted under *forum non conveniens*; and that Donald has failed to state a claim under Rule of Civil Procedure 12(b)(6).  I do not reach these arguments.

Issue preclusion is a doctrine that prevents federal courts from re-litigating disputes of fact and law that the court has already conclusively decided. *See Seborowski v. Pittsburgh Press Co.*, 188 F.3d 163, 169 (3d Cir. 1999). An issue is precluded when "(1) the issue sought to be precluded is the same as that involved in the prior action; (2) that issue was actually litigated; (3) it was determined by a final and valid judgment; and (4) the determination was essential to the prior judgment." *Nat'l R.R. Passenger Corp. v. Pa. Pub. Util. Comm'n*, 288 F.3d 519, 525 (3d Cir. 2002) (citation modified). A court's conclusion that it lacks subject matter jurisdiction has a "preclusive effect … as to matters actually adjudged." *Bromwell v. Mich. Mut. Ins. Co.*, 115 F.3d 208, 212-13 (3d Cir.1997).

With respect to subject matter jurisdiction in Donald's earlier case, the last three elements of issue preclusion are easily met. The probate exception was "actually litigated" since the parties raised and briefed the issue and I rendered a decision. *See O'Leary v. Liberty Mut. Ins. Co.*, 923 F.2d 1062, 1066 (3d Cir. 1991) ("An issue is 'actually litigated' when it is properly raised, by the pleadings or otherwise, and is submitted for determination, and is determined."). Next, a dismissal based on subject matter jurisdiction is a "valid and final judgment" because it conclusively disposes of a case, and as noted above there was no appeal of the dismissal. *Bromwell*, 115 F.3d at 212. And the probate exception issue was certainly essential to the earlier judgment, as it led me to dismiss the case.

That leaves the first element of issue identity: whether the current case raises the same issue as the prior one. This element requires that "the same general legal rules govern both cases and . . . the facts of both cases are indistinguishable as measured by those rules." *Suppan v. Dadonna*, 203 F.3d 228, 233 (3d Cir. 2000). Here, the rules governing subject matter jurisdiction and the facts relevant to it are the same in both cases. In the earlier case, the relevant rule was the

probate exception, and the controlling fact was that the Surrogate's Court had been administering the trust for 60 years. The probate exception remains applicable, and the trusts remain subject to the jurisdiction of the Surrogate Court.

Granted, in this case Mr. Donald brings partly different claims based on slightly different facts about the Trusts. But the preclusion standard only considers the facts that are "measured by those rules [at issue]." *Id*. None of the technical differences about the nature of the claims in this case and those asserted in the prior case affect the jurisdictional issue. Donald's first Response to this Motion argues that this case is not precluded by the prior ruling because the earlier case arose out of the Trust's *Fourth* Judicial Accounting, and this one arises out of the earlier *Third* Judicial Accounting. *See* Pl.'s Resp. at 1-2, ECF 17. As in the earlier litigation, hearing this case would have this Court "assume *in rem* jurisdiction over the same trust property that is currently under the state court's jurisdiction, an outcome explicitly barred by the probate exception." *Donald*, 2025 WL 2233664 at *8 (citing *Marshall*, 547 U.S. at 311). The issue remains the same, and is therefore precluded. Lacking subject matter jurisdiction, this case must be dismissed.

And even if litigation of the issue were not precluded, a substantive re-analysis of the same issue would also result in dismissal, albeit on the basis of a new and separate application of the probate exception.[4]

Separately, Mr. Donald has filed multiple motions, including a scandalous claim that Bank of America forged one of the releases for the Third accounting period, seeking to join Bank of America's counsel, demanding Rule 34 disclosures of some of the Bank's fund administration

---

[4] Mr. Donald's citation to a New York State trial court decision refusing to transfer an estate-related claim to the Surrogate's Court carries no weight on issues of federal diversity.

expenses, and asking the Court to call a witness *sua sponte* under Federal Rule of Evidence 614(a). *See generally* ECF 17, 23, 24, 28, 29. 32, & 34. Given dismissal of this action I will not address the propriety of these motions, except to observe that any claim Mr. Donald wishes to assert belongs in the New York Surrogate's Court.

## IV.    Conclusion

For the reasons set forth above, Defendant's Motion will be granted.  An appropriate order follows.

 /s/ Gerald Austin McHugh 
United States District Judge